UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MORSHEDA AMIN ET AL., | : | |
| --- | --- | --- |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01347 (VLB) |
| ALBERTO R. GONZALES ET AL., | : | |
| Defendants. | : | November 14, 2007 |

MEMORANDUM OF DECISION
GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. #23]

The plaintiffs, Morsheda Amin and her dependents, filed this action against the defendants, then-Attorney General Alberto R. Gonzales and officials of United States Citizenship and Immigration Services. The plaintiffs allege that they were wrongfully denied visas under the Diversity Immigrant Visa Program ("DV Program"). That program permits 100,000 candidates each year to apply for 55,000 visas reserved for individuals from countries with low admission rates into the United States. Successful candidates may then become permanent residents pursuant to 8 U.S.C. § 1255(a). The plaintiffs were candidates for the DV Program in the fiscal year ending on September 30, 2005, but they were notified in August 2006 that their applications had been denied.

Pursuant to Fed. R. Civ. P. 12(b)(1), the defendants have filed a motion to dismiss on the ground that the case is moot and, therefore, the Court lacks subject matter jurisdiction. "When a case becomes moot, the federal courts lack[ ] subject matter jurisdiction over the action. . . . A case is moot . . . when the

parties lack a legally cognizable interest in the outcome." <u>Fox v. Board of Trustees of State Univ. of New York</u>, 42 F.3d 135, 140 (2d Cir. 1994).

The defendants direct the Court to <u>Mohamed v. Gonzales</u>, 436 F.3d 79 (2d Cir. 2006), in which the United States Court of Appeals for the Second Circuit considered the same issue that the present case contains. "The relevant statutes and regulations impose a strict one-year time limit on the granting of diversity visas, stating that '[a]liens who qualify, through random selection, for a visa [under the DV Program] shall remain eligible to receive such visa <u>only</u> through the end of the specific fiscal year for which they were selected.' 8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added); see also 22 C.F.R. § 42.33(a)(1) ("The eligibility for a visa . . . ceases at the end of the fiscal year in question."); <u>id.</u> § 42.33(f) ("Under no circumstances will immigrant visa numbers be allotted after midnight of the last day of the fiscal year for which the petition was submitted and approved."). Despite the harsh consequences of this result, we are compelled, as our sister circuits have recognized, to apply the unambiguous language of the operative statutory framework." <u>Mohamed</u>, 436 F.3d at 80-81. The Second Circuit therefore concluded: "The federal courts . . . do not have the authority to hear these claims because, under the structure established by the applicable statutes, they are now moot. Any relief from these conditions . . . must be sought from Congress . . . ." <u>Id.</u> at 81.

The Court agrees with the defendants that <u>Mohamed</u> governs the present case because the relevant fiscal year ended on September 30, 2005. The remedy

**2**

that the plaintiffs seek is unavailable and their claims are accordingly moot. Although the plaintiffs rely on Koren v. Chertoff, Docket No. 07-cv-157 (PCD), 2007 WL 1431948 (D. Conn. May 14, 2007), that case is clearly distinguishable. In Koren, the district court denied a motion to dismiss because the defendants had failed to adjudicate the plaintiffs' applications for adjustment of status. In the present case, the defendants denied the plaintiffs' applications.

The plaintiffs' final attempt to demonstrate the existence of a live controversy is to seek an alternative remedy. In the plaintiffs' view, if diversity visas are not available, the Court can restore the named plaintiff's former F-1 student visa status. The plaintiffs' complaint, however, does not directly challenge the revocation of the F-1 status, and thus that issue is not properly before the Court.

The defendants' motion to dismiss [Doc. #23] is GRANTED. The Clerk is directed to CLOSE this case.

                                            IT IS SO ORDERED.

                                            /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: November 14, 2007.